IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA NUTTER, | ) Case No. 4:23-cv-1985 |
| | ) |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) THOMAS M. PARKER |
| | ) |
| FAMILY DOLLAR STORES OF OHIO, | ) |
| LLC, et al., | ) **AMENDED MEMORANDUM** |
| | ) **OPINION AND ORDER** |
| Defendants. | ) |

Defendant Frank Stulgis has moved to compel arbitration and dismiss the amended complaint as to the claims against himself. ECF Doc. 15. Plaintiff Melissa Nutter has filed a construed Fed. R. Civ. P. 21 motion to dismiss the claims against Stulgis. *See* Docs. 22, 23. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636. ECF Doc. 17. For the reasons that follow, the Rule 21 motion to dismiss (ECF Doc. 22) will be GRANTED, the motion to compel arbitration (ECF Doc. 15) will be DENIED as MOOT, and the remaining state law claims will be REMANDED to the Trumbull County Court of Common Pleas.

**I.    Background**

On September 12, 2023, Nutter filed an amended complaint against Stulgis, Family Dollar Stores of Ohio, LLC ("Family Dollar"), Dollar Tree Stores, Inc. ("Dollar Tree"), City of Warren ("Warren"), Michael Currington, and Frank Tempesta in the Trumbull County Court of Common Pleas. ECF Doc. 1-4. Nutter alleged that: (i) she was a store manager for Family

Dollar for over eight years; (ii) she took two weeks of FMLA leave to care for her ailing mother and requested a store transfer; (iii) shortly thereafter, Stulgis, a district manager for Family Dollar, maliciously filed a false report that Nutter had stolen over $3000 and terminated her employment; (iv) Currington and Tempesta, officers with the Warren Police Department, filed a theft complaint against Nutter without adequately investigating the allegations and establishing probable cause; and (v) Nutter was arrested and ultimately acquitted of the theft charge. *Id.* at 3-5. She asserted six causes of action: (i) "false writings" in violation of Ohio Rev. Code § 2921.03, against Family Dollar and Stulgis (Count One); (ii) dereliction of duty in violation of Ohio Rev. Code § 2921.44, against Currington and Tempesta (Count Two); (iii) malicious prosecution, against all the defendants (Count Three); (iv) violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, against Family Dollar and Stulgis; (v) vicarious liability/respondeat superior, against Warren (Count Five); and (vi) vicarious liability/respondeat superior, against Family Dollar (Count Six). *Id.* at 5-10.

On October 11, 2023, Family Dollar and Dollar Tree removed the case to this court upon the basis of federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, citing Nutter's FMLA claim (Count Four). ECF Doc. 1. On November 1, 2023, the court granted Nutter's request to dismiss Family Dollar and Dollar Tree from this case without prejudice (ECF Doc. 10). ECF Doc. 11.

On November 7, 2023, Stulgis filed the instant motion to compel arbitration, seeking enforcement of an arbitration agreement wherein Nutter agreed to arbitrate all claims arising from her employment, including those against Family Dollar employees such as Stulgis. ECF Doc. 15. On December 8, 2023, Nutter filed a Fed. R. Civ. P. 41(a)(1) notice of voluntary dismissal of the claims against Stulgis. ECF Doc. 22. On December 11, 2023, this court issued

an order that: (i) construed Nutter's notice of voluntary dismissal as a Rule 21 motion to dismiss the claims against Stulgis; (ii) ordered the parties to file any response to the construed Rule 21 motion within 10 days; and (iii) directed any party who filed a response to also address the issue of this court's jurisdiction over this case if the Rule 21 motion were to be granted.  ECF Doc. 23.  No party filed a response before the deadline elapsed.

## II.     Discussion

### A.     Rule 21 Motion

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "Although Rule 21 expressly concerns 'severing' claims, . . . Rule 21 gives the Court discretion to both sever and dismiss claims 'on just terms.'"  *Dix v. Atos IT Sols. & Servs. Inc.*, No. 1:18-cv-275, 2021 U.S. Dist. LEXIS 56632, at *9 (S.D. Ohio Mar. 25, 2021) (internal citations omitted).  Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice.  *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  Because "dropping less than the entirety of an action . . . risks prejudice to the other parties[,]" remaining parties are typically afforded an opportunity to respond before a court rules on a Rule 21 motion.  *See Bey v. McCandless*, No. 1:22-cv-00554, 2023 U.S. Dist. LEXIS 55598, at *10-11 (N.D. Ohio Mar. 30, 2023) (citing *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018); *Baldwin v. Boeing Co.*, No. 1:19-cv-02400, 2021 U.S. Dist. LEXIS 260178, at *11 (N.D. Ohio Feb. 18, 2021).

"When evaluating a motion for dismissal under Rule 21 . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant."  *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 U.S. Dist. LEXIS 12305, at *7-8

3

(E.D. Tenn. Jan. 30, 2017). In evaluating for potential prejudice under Rule 41, courts often consider factors such as: (i) "the defendant's effort and expense of preparation for trial"; (ii) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the case"; (iii) "insufficient explanation for the need to take a dismissal"; and (iv) "whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974); *see Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019).

Here, Nutter's construed Rule 21 motion requests dismissal of the claims against Stulgis without prejudice, ECF Doc. 22; the court provided the parties with an opportunity to respond to the construed motion, ECF Doc. 23; but no party filed a response or objection. Moreover, this case was only recently removed, it is still in a nascent state, and Stulgis has moved to compel arbitration and dismiss the claims against himself. On the facts presented, the court finds that there will be no prejudice to any party if Nutter's construed Rule 21 motion is granted. Accordingly, the Rule 21 motion (ECF Doc. 22) will be GRANTED, and the claims against Stulgis will be dismissed without prejudice.

**B.     Supplemental Jurisdiction**

Because of the limited jurisdiction of the federal courts, this court has an independent obligation to examine its own jurisdiction to ensure that it has the authority to proceed. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). A district court "may decline to exercise supplemental

jurisdiction" if it has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to exercise supplemental jurisdiction, we consider four factors: "the values of judicial economy, convenience, fairness, and comity." *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010) (holding that the district court acted properly in declining supplemental jurisdiction and remanding the action to state court when the case was at an early stage of litigation, discovery wasn't over, and no summary judgment motion was filed). Under Sixth Circuit precedent, the district court has wide discretion to determine whether to exercise supplemental jurisdiction over remaining state law claims or whether they should be remanded to state court. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000).

The dismissal of the claims against Stulgis terminated the lone federal claim in this action (Count Four – FMLA), leaving only state law claims pending against the remaining defendants.[1] Because no question of federal law remains pending before this court, this court no longer has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331; *Estate of Cornell v. Bayview Loan Serv.*, LLC, 908 F.3d 1008, 1017 (6th Cir. 2018). There is no basis for diversity jurisdiction, with the remaining parties all appearing to be Ohio citizens. 28 U.S.C. § 1332; *see* ECF Doc. 1-4 at 2-3. As for supplemental jurisdiction, the court finds that the values of economy, convenience, fairness, and comity weigh in favor of remanding the case to state court.

---

[1] The remaining claims are: (i) dereliction of duty against Currington and Tempesta (Count Two); (ii) malicious criminal prosecution against Currington, Tempesta, and Warren (Count Three); and (iii) vicarious liability/respondeat superior against Warren (Count Five).

The federal claims were eliminated at this early state of litigation, with no substantial time or effort spent by the parties on the merits of the state law claims, and no judicial economy would be gained if this court — as opposed to a state court — decided the remaining claims.[2] Fairness and convenience appear neutral. However, comity *strongly* weighs in favor of remanding the state law claims. *See Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011) ("Comity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

Accordingly, the court declines to exercise supplemental jurisdiction over the remaining state law claims and concludes that the case should be REMANDED to state court.

### III.  Conclusion

Nutter's construed Rule 21 motion to dismiss (ECF Doc. 22) is GRANTED. The claims against Stulgis are DISMISSED without prejudice. Stulgis's motion to compel arbitration (ECF Doc. 15) is DENIED as MOOT. This case is REMANDED to the Trumbull County Court of Common Pleas.

**IT IS SO ORDERED.**

Dated: December 28, 2023

Thomas M. Parker
United States Magistrate Judge

---

[2] Additionally, the elimination of the lone federal claim at this early stage in litigation does not appear to result from the kind of prejudicial forum manipulation that would justify retaining supplemental jurisdiction. *Gamel*, 625 F.3d at 952-53; *see also* 28 U.S.C. § 1367.